IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

CAROTEK, INC..

    Plaintiff/Counter-defendant,

v.

KOBAYASHI VENTURES, LLC

    Defendant/Counter-plaintiff.

Civil Action. No. 07 Civ. 11163 (NRB)

### PLAINTIFF'S REPLY TO DEFENDANT'S COUNTERCLAIMS

COMES NOW, Plaintiff Carotek, Inc. (hereinafter "Carotek") and hereby submits the following Reply to the Counterclaims of Defendant Kobayashi Ventures, LLC (hereinafter "Kobayashi").

Carotek, responding specifically to each numbered paragraph of Kobayashi's Counterclaims, responds as follows:

29. Denied.

30. Denied.

31. Upon information and belief, admitted.

32. Admitted.

33. Admitted.

34. Admitted.

35. Admitted.

36. Denied.

37. Denied. The Patent Purchase Agreement attached to Kobayashi's Answer and Counterclaim as Exhibit 2 is not executed.

38. Denied.

39. Plaintiff admits the execution of the License Agreement. All other allegations in paragraph 39 are denied.

40. Admitted.

41. Plaintiff admits quoted language is in Agreement.

42. Plaintiff admits sending June 7, 2005 letter to International Paper, however denies taking an erroneous position.

43. Admitted.

44. Admitted.

45. Admitted.

46. Admitted.

47. Plaintiff admits the termination language of Section 16.5 of the License Agreement. All other allegations in paragraph 47 are denied.

48. Denied.

49. Denied.

50. Denied.

51. Plaintiff admits that Plaintiff entered into the License Agreement in 1998. All other allegations in paragraph 51 are denied.

52. Denied.

53. Denied.

54. Plaintiff admits the language of Section 4.3 of the License Agreement. All other allegations in paragraph 54 are denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Plaintiff repeats and reincorporates by reference the responses set forth in response to paragraphs 29 through 61.

63. Denied.

64. Denied.

65. Denied.

66. Plaintiff repeats and reincorporates by reference the responses set forth in response to paragraphs 29 through 65.

67. Denied.

68. Denied.

69. Denied.

70. Plaintiff repeats and reincorporates by reference the responses set forth in response to paragraphs 29 through 69.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

The allegations in the Prayer for Relief are denied and Plaintiff asks that all relief sought by the Defendant in said Prayer for Relief be denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

75. Carotek has made substantial payments under the Agreement of a period of years commencing shortly after execution of the Agreement in December, 1998.

76. The Agreement, Article XII, contains a "most favored license" provision whereby, inter alia, Carotek was and is entitled to the benefits of the most favorable royalty terms extended to any other licensee.

77. The Agreement, Article XII, contains a "most favored license" provision whereby, inter alia, the licensor Champion was and is obligated to inform Carotek of more favorable royalty terms extended to any other licensee, and to extend those more favorable royalty terms to Carotek.

78. Upon information and belief, the licensor Champion extended more favorable royalty terms to at least one other licensee, either expressly, by implication, by acquiescence and/or operation of law, but breached the Agreement by failing and refusing to advise Carotek of the extension of such more favorable royalty terms to Carotek and by failing and refusing to extend those more favorable terms to Carotek. As a proximate result of such breaches, failures and refusals, Carotek continued to pay royalties to Champion at the original, less favorable,

royalty rate specified in the Agreement, and, upon information and belief, has paid in excess of $100,000 in royalties not due and owing under the Agreement.

79.   On or about June 7, 2005 Carotek placed on notice International Paper, the then successor to Champion, of its rights under the Agreement, pointing out that it had learned of a more favorable royalty term extended to another licensee, and invited comment. No reply was ever received to that letter, and Carotek by operation of the Agreement became entitled to the more favorable rate extended to the other licensee–which royalty rate was and is "zero."

80.   Over two years passed before Kobayashi advised Carotek of its ownership of the Agreement and its intention to enforce the Agreement, as set out above.

81.   Kobayashi is bound by the obligations of the original licensor under the Agreement, and took whatever rights it has under such Agreement subject to any and all rights, defenses and claims to which Carotek is entitled in law or in equity.

82.   Carotek is entitled to have and recover of Kobayashi amounts in excess of $100,000, including interest at the legal rate as a result of the breach of the Agreement.

## SECOND AFFIRMATIVE DEFENSE

83.   The claims asserted by Kobayashi and each of them are barred by the equitable doctrine of laches, in that Kobayashi and its predecessors in interest inexcusably and to Carotek's damage and prejudice delayed enforcement of its patent rights, to the extent that they exist,

## THIRD AFFIRMATIVE DEFENSE

84.   The claims asserted by Kobayashi and each of them are barred by the equitable doctrine of acquiescence in that Kobayashi and its predecessors in interest acquiesced in Carotek's

decision to withhold further payment of royalties under circumstances reasonably leading Carotek to believe that Kobayashi had acquiesced and accepted Kobayashi's contention that Kobayashi's predecessor in interest had violated provisions of the license agreement, all to the damage and prejudice of Carotek's business interests.

## FOURTH AFFIRMATIVE DEFENSE

85. Carotek is not infringing any claim of the patent asserted against it by Kobayashi.

86. Carotek has not sold since the alleged termination of the license agreement any products covered by the claims of the patent asserted against it by Kobayashi.

WHEREFORE, Plaintiff Carotek prays:

A. That this Court declare that Plaintiff Carotek has not breached the Agreement, and that the Agreement remains in full force and effect to Carotek's benefit according to the tenor of its Complaint;

B. That this Court declare that Plaintiff Carotek owes no royalties to Kobayashi under the Agreement;

C. That Kobayashi, its agents, servants, employees, and attorneys and all those in active concert or participation with it, be enjoined, pending trial, from instituting, prosecuting or threatening any action against Plaintiff in this court or elsewhere;

D. That Kobayashi recover nothing of its Counterclaim against Carotek;

E. That the Court deny any injunctive relief sought by Kobayashi.

F. That Carotek have and recover from Kobayashi such royalty amounts as it may prove were wrongly paid under the Agreement;

G. That Defendant, its agents, servants, employees, attorneys and all those in active concert or participation with it be enjoined from alleging that Carotek has breached the Agreement, or is infringing any patent referenced in the Agreement;

H. That this Court award Plaintiffs interest, costs, attorneys' fees, expenses and such further relief that this Court deems just and equitable; and

I. That all issues so triable be tried by jury.

This the 10th day of March, 2008.

Respectfully submitted,

*/s/ M R Castello*
Raymond R. Castello (RC 2106)
Fish & Richardson P.C.
Citigroup Center - 52nd Floor
153 East 53rd Street
New York, NY 10022-4611
Telephone: 212-765-5070

*Attorney for Plaintiff
Carotek, Inc.*

**OF COUNSEL:**

W. Thad Adams, III, Esq. (N.C. Bar Number 00,020)
**ADAMS INTELLECTUAL PROPERTY LAW, P.A.**
201 South College Street, Suite 2350 Charlotte Plaza
Charlotte, NC  28244
Tel:  (704) 375-9249
Fax: (704) 375-0729
litigation@adamspat.com

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that the foregoing **REPLY TO COUNTERCLAIMS** was served on the Defendant by sending copies by ECF and pre-paid US Postage:

Devin Roger Robinson  
Gallagher, Harnett & Lagalante LLP  
380 Lexington Avenue, Suite 2120  
New York, NY 10168  
drobinson@ghl-ny.com

Alexia Bourgerie  
Stein, Sperling, Bennett, De Jong &  
Greenfeig, PC  
25 West Middle Lane  
Rockville, MD 20850  
abourgerie@steinsperling.com

on March 10, 2008.

_[signature]_