IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x

CAROTEK, INC.,

       Plaintiff/Counter-defendant

v.                                                                    Civil Action No. 07 Civ. 11163(NRB)(RLE)

KOBAYASHI VENTURES, LLC,

       Defendant/Counter-plaintiff.

------------------------------------------------x

## KOBAYASHI VENTURES, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO VOLUNTARILY DISMISS WITHOUT PREJUDICE COUNTS I AND II OF ITS COUNTERCLAIM

Counter-plaintiff, Kobayashi Ventures, LLC ("Kobayashi"), by its attorneys, Jeffrey M. Schwaber, Alexia Kent Bourgerie, and Stein, Sperling, Bennett, De Jong, Driscoll & Greenfeig, P.C., respectfully submits this Memorandum of Law in support of its Motion to Voluntarily Dismiss Without Prejudice Counts I and II of the Counterclaim ("Motion").

### INTRODUCTION

Kobayashi's Counterclaim, filed February 11, 2008, comprises three Counts: Patent Infringement; Patent Infringement (Inducement); and Breach of License Agreement. The two patent infringement claims are the subject of this Motion. On May 12, 2008, Carotek's principal, J. Addison Bell, was deposed in this case. During his deposition, Mr. Bell testified in pertinent part that Carotek is out of the Event Capturing Systems (ECS) business as of December of 2007—precisely when the License Agreement terminated pursuant to a November 26, 2007 default notice letter to Carotek. Specifically, Mr. Bell testified that Carotek's ECS business was sold for $1, without any documentation, to a newly formed entity, ECS, Inc., an entity (i) owned

by Mr. Bell, among others; (ii) located in the same office as Carotek; (iii) using the same shop as Carotek; (iv) using the same phone line as Carotek; and (v) serving the same customers Carotek served. Taking this testimony at face value at this time, it does not make sense for the infringement claims now to be pursued against Carotek.

## ARGUMENT

Federal Rule of Civil Procedure 41 governs dismissal. A motion is required to obtain a dismissal without prejudice in this case, because Carotek responded to the Counterclaim and declined to consent to the dismissal without prejudice. The decision to allow dismissal without prejudice is within the discretion of the Court. D'Alto v. Dahon California, Inc., 100 F.3d 281, 283 (2d Cir. 1996).

Nearly four score ago, the United States Supreme Court noted, "[t]he general rule is settled for the federal tribunals that a plaintiff possesses the unqualified right to dismiss his complaint… unless some plain legal prejudice will result to the defendant other than the mere prospect of a second litigation upon the subject matter." Jones v. Security and Exchange Comm'n, 298 U.S. 1, 19 (1936); see also Wakefield v. Northern Telecom, Inc., 769 F.2d 109, 114 (2d Cir. 1985) ("In general, the court may allow such a dismissal if the defendant will not be prejudiced thereby."). In determining whether to allow a party to voluntarily dismiss a claim without prejudice, the Court must examine the following five factors:

[1] the plaintiff's diligence in bringing the motion;
[2] any 'undue vexatiousness' on plaintiff's part;
[3] the extent to which the suit has progressed, including the defendant's efforts and expense in preparation for trial;
[4] the duplicative expense of relitigation; and
[5] the adequacy of plaintiff's explanation for the need to dismiss.

Zagano v. Fordham Univ., 900 F.2d 12, 14 (2d Cir. 1990).

STEIN, SPERLING, BENNETT, DE JONG, DRISCOLL & GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

Applying these five <u>Zagano</u> factors, Kobayashi states as follows:

As to [1], Kobayashi has been most diligent in bringing this Motion. Upon learning of Carotek's stated recent departure from the ECS business, Kobayashi considered the matter, decided that a dismissal without prejudice is the appropriate course of action, and then filed this Motion.

As to [2], there is no conceivable vexatiousness on Kobayashi's part under the factual circumstances of this case. Admittedly, Carotek's $1 undocumented transfer of the pertinent business (that part of Carotek's business which was alleged to have been engaged in the subject infringement of Kobayashi's Patented Technology) is suspect--based on sworn facts such as those stated above. Nonetheless, Mr. Bell gave the testimony and it is unequivocal on the pertinent point. At this time, Kobayashi and the Court have a right to rely on it.

As to [3], this case is young. Discovery recently began. Only one deposition has occurred in the case—that being Mr. Bell's deposition. The liability phase dispositive motions filing deadline is approaching on July 11, 2008 and will be timely met with Kobayashi's filing of its motion for summary judgment. No trial has been scheduled, and therefore the parties have not engaged in any trial preparations.

As to [4], assuming Mr. Bell's testimony on this subject is true, there will not be any duplicative expenses for relitigation against Carotek regarding infringement, as absent positive proof that Mr. Bell's testimony is untrue, Kobayashi would be unwise to bring the infringement claims against Carotek a second time. Furthermore, since Mr. Bell and his brother are the only two shareholders in Carotek and also are shareholders in ECS, Inc., any expense incurred by Carotek in researching the infringement claims is directly applicable to the Bells' interests in ECS, Inc.

STEIN, SPERLING, BENNETT, DE JONG, DRISCOLL & GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

3

As to [5], as stated, the dismissal is based in reliance on Mr. Bell's recent testimony regarding very recent events. These events were not known and reasonably could not have been earlier known by Kobayashi. Carotek had not previously communicated this information to Kobayashi—not in Carotek's Complaint or in any setting—sworn or otherwise. There simply is no prejudice to Carotek. In fact, the dismissal without prejudice is a positive development for Carotek, as it narrows the scope of this case and will save the parties time and money.

## CONCLUSION

In consideration of the foregoing grounds, J. Addison Bell's pertinent deposition testimony of May 12, 2008, and the record herein, Kobayashi is entitled to a dismissal without prejudice of the two infringement claims included in Kobayashi's Counterclaim.

Dated: June 13, 2008

        STEIN, SPERLING, BENNETT, DE JONG,
        DRISCOLL & GREENFEIG, P.C.

By:     /s/
Jeffrey M. Schwaber (NY Bar #4529699)
Alexia Kent Bourgerie,
Attorneys for Defendant/Counter-plaintiff
Kobayashi Ventures, LLC
Stein, Sperling, Bennett, De Jong, Driscoll & Greenfeig, P.C.
25 West Middle Lane
Rockville, Maryland 20850
Telephone: (301) 838-3210 (Jeffrey Schwaber)
Facsimile: (301) 354-8110 (Jeffrey Schwaber)
Email: jschwaber@steinsperling.com
Telephone: (301) 838-3232 (Alexia Kent Bourgerie)
Facsimile: (301) 354-8132 (Alexia Kent Bourgerie)
Email: abourgerie@steinsperling.com

STEIN, SPERLING, BENNETT, DE JONG, DRISCOLL & GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of June, 2008, I will electronically file the foregoing with the Clerk of the Court using the ECF system, which will then send a notification of such filing (NEF) to the following:

>   Raymond R. Castello
>   Greg Madera
>   John Garretson
>   Fish & Richardson P.C.
>   153 East 53rd Street, 52nd Floor
>   New York, NY 10022
>
>   W. Thad Adams, III
>   Adams Intellectual Property Law, P.A.
>   201 South College Street
>   Suite 2350 Charlotte Plaza
>   Charlotte, NC  28244

By:   /s/
    _____
    Jeffrey M. Schwaber (NY Bar #4529699)
    Alexia Kent Bourgerie, *pro hac admission*
    Attorneys for Defendant/Counter-plaintiff
    Kobayashi Ventures, LLC
    Stein, Sperling, Bennett, De Jong, Driscoll & Greenfeig, P.C.
    25 West Middle Lane
    Rockville, Maryland 20850
    Telephone:  (301) 838-3210 (Jeffrey Schwaber)
    Facsimile:  (301) 354-8110 (Jeffrey Schwaber)
    Email: jschwaber@steinsperling.com
    Telephone:  (301) 838-3232 (Alexia Kent Bourgerie)
    Facsimile:  (301) 354-8132 (Alexia Kent Bourgerie)
    Email:  abourgerie@steinsperling.com

L:\CLIENTS\K\KobayashiVentures.LLC\Carotek.002\pleadings\418 memo for motion to voluntarily dismiss counterclaims rev-jt (GHLrevs).doc

STEIN, SPERLING, BENNETT,
DE JONG, DRISCOLL &
GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

5