IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAROTEK, INC.. <br><br> Plaintiff, <br><br> v. <br><br> KOBAYASHI VENTURES, LLC <br><br> Defendant | Civil Action. No. 1:07-cv-11163-NRB |

## AMENDED DECLARATORY JUDGMENT COMPLAINT
## AND
## COMPLAINT FOR AFFIRMATIVE MONETARY RELIEF

*(Jury Trial Demanded)*

COMES NOW Plaintiff Carotek, Inc. ("Carotek") and files this Amended Complaint for a Declaratory Judgment against Defendant Kobayashi Ventures, LLC (hereinafter "Kobayashi"). Plaintiff respectfully alleges and states the following:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1332 (a)(1), (b) and (c)(1), 28 U.S.C. § 1338, 28 U.S.C. § 1367, 28 U.S.C. § 2201, and 28 U.S.C. § 2202. Upon information and belief, Carotek and Kobayashi are citizens of different States, and the sum or value of the claim being asserted herein by Carotek is greater than $75,000, calculated in accordance with 28 U.S.C. § 1332 (b).

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

1

3. Defendant has sufficient contacts with New York, this District and Division to satisfy this Court's exercise of personal jurisdiction over it.

4. Defendant has contractually agreed that this Court is the proper forum and has contractually consented to personal jurisdiction in the State of New York pursuant to the Governing Law provision, Section XVIII, in the license agreement at issue.

## PARTIES

5. Plaintiff Carotek is a corporation organized and existing under the laws of the State of North Carolina, with its principal place of business at 700 Sam Newell Road, Matthews, N.C. 28105.

6. Upon information and belief, Defendant Kobayashi is a privately held company not organized under the laws of the State of North Carolina. Upon further information and belief, Defendant Kobayashi purports to be the assignee of all right, title and interest of that certain license agreement ("Agreement") between Carotek and Champion International Corporation, dated December 8, 1998.

7. On or about October 29, 2007, an attorney representing Kobayashi forwarded to Carotek, by means of a letter to its attorney, a demand that Carotek furnish Kobayashi a copy of the above-referenced license agreement together with an accounting of "annual fees" allegedly due from Carotek under the Agreement.

8. On or about November 26, 2007, an attorney representing Kobayashi forwarded to Carotek and its attorney a letter purporting to place Carotek on formal "notice of default" and threatening to terminate the Agreement on the thirty-first day after the date of the letter.

9. The same November 26, 2007 letter references numerous patents and demands that Carotek "immediately cease the design, manufacture, sale and installation of the technology or any derivation thereof" covered by the listed patents.

10. The explicit allegations, threats, demands for payment of money, and demands that Carotek cease and desist carrying out its legitimate business activities under the Agreement as made by Defendant Kobayashi in its original correspondence with Carotek, and subsequently, give rise to an actual and justifiable controversy between Carotek and Kobayashi within the meaning of 28 U.S.C. § 2201(a).

## CLAIM FOR DECLARATION THAT CAROTEK HAS NOT BREACHED THE LICENSE AGREEMENT OF DECEMBER 8, 1998

11. Paragraphs 1-10 are incorporated by reference herein as though set forth in their entirety.

12. Carotek denies the claims and the allegations by Defendant that it has breached the Agreement.

13. There is an actual and justifiable controversy within the meaning of 28 U.S.C.2201(a) between Carotek and Kobayashi as to, inter alia, whether Carotek has breached the Agreement, whether Carotek owes any past royalty payments under the Agreement, and whether Carotek owes any royalty payments for future activity under the Agreement.

14. Plaintiff seeks pursuant to 28 U.S.C. §§ 2201 and 2202, a Declaratory Judgment that Carotek has not breached the Agreement, that Carotek owes Kobayashi no past royalty payments under the Agreement, and Carotek will not owe any royalty payments for future activity under the Agreement.

## CLAIM FOR MONETARY RELIEF

15. Paragraphs 1-14 are incorporated by reference herein as though set forth in their entirety.

16. Carotek has made substantial payments under the Agreement of a period of years commencing shortly after execution of the Agreement in December, 1998.

17. The Agreement, Article XII, contains a "most favored licensee" provision whereby, inter alia, Carotek was and is entitled to the benefits of the most favorable royalty terms extended to any other licensee.

18. The Agreement, Article XII, contains a "most favored license" provision whereby, inter alia, the licensor Champion was and is obligated to inform Carotek of more favorable royalty terms extended to any other licensee, and to extend those more favorable royalty terms to Carotek.

19. Upon information and belief, the licensor Champion extended more favorable royalty terms to at least one other licensee, either expressly, by implication, by acquiescence and/or operation of law, but breached the Agreement by failing and refusing to advise Carotek of the extension of such more favorable royalty terms to Carotek and by failing and refusing to extend those more favorable terms to Carotek. As a proximate result of such breaches, failures and refusals, Carotek continued to pay royalties to Champion at the original, less favorable, royalty rate specified in the Agreement, and, upon information and belief, has paid in excess of $100,000 in royalties not due and owing under the Agreement.

20. On or about June 7, 2005 Carotek informed International Paper, the then successor to Champion, of its rights under the Agreement, pointing out that it had learned of a more favorable royalty term extended to another licensee, and invited comment. No reply was ever received to that

letter, and Carotek by operation of the Agreement became entitled to the more favorable rate extended to the other licensee–which royalty rate was and is "zero."

21.     Over two years passed before Kobayashi advised Carotek of its ownership of the Agreement and its intention to enforce the Agreement, as set out above.

22.     Kobayashi is bound by the obligations of the original licensor under the Agreement, and took whatever rights it has under such Agreement subject to any and all rights, defenses and claims to which Carotek is entitled in law or in equity.

23.     Carotek is entitled to have and recover of Kobayashi amounts in excess of $100,000, including interest at the legal rate as a result of the breach of the Agreement.

### CLAIM FOR DECLARATORY JUDGMENT OF PATENT INVALIDITY AND UNENFORCEABILITY

24.     United States Letters Patent No. 5,717,456 was issued on February 10, 1998 to Robert J. Rudt, et al on an application filed on March 6, 1995 for "System for Monitoring a Continuous Manufacturing Process." Kobayashi claims to be the owner of all right, title and interest in and to the aforesaid patent, hereinafter referred to as the "'456 Patent."

25.     United States Letters Patent No. 5,821,990 was issued on October 13, 1998 to Robert J. Rudt, et al. on an application filed on September 3, 1997 for "System for Monitoring a Continuous Manufacturing Process." Kobayashi claims to be the owner of all right, title and interest in and to the aforesaid patent, hereinafter referred to as the "'990 Patent."

26.     United States Letters Patent No. 6,211,905 was issued on April 3, 2001 to Robert J. Rudt, et al on an application filed on July 30, 1998 for "System for Monitoring a Continuous

Manufacturing Process." Kobayashi claims to be the owner of all right, title and interest in and to the aforesaid patent, hereinafter referred to as the "'905 Patent."

27. Kobayashi has claimed and does now claim that Carotek is infringing the '990 Patent, the '456 Patent and the '905 Patent (hereafter referred to collectively as the "Kobayashi Patents"), by the offer of sale and sale of certain industrial systems including an express allegation of infringement made directly to Carotek in its Answer and Counterclaim. Carotek has denied and does now deny such charge of infringement and has asserted and does now assert that it has the right to offer for sale and sell the accused systems unhampered and unmolested by Kobayashi or any other entity claiming an interest in the Kobayashi Patents.

28. The Kobayashi Patents, when given the scope asserted for it by Kobayashi are broader than the alleged invention described therein and consequently Kobayashi is not entitled to assert such scope for the Kobayashi Patents as to cover systems offered for sale and sold by Carotek.

29. The Kobayashi Patents are void and unenforceable against Carotek for at least each of the following reasons, among others:

(a) prior to the alleged invention claimed in the Kobayashi Patents or more than one year prior to the effective filing date of the application therefor, the alleged invention and all material and substantial parts thereof had been described, published, patented and contained in patents and printed publications in the United States and foreign countries;

(b) the applicant for the Kobayashi Patents was not the original and first inventor of the alleged invention described and claimed in the patent or any material or substantial parts thereof, but the same in each of its material and substantial parts was invented, known to or used by others in this

6

country before the applicant's alleged invention thereof, was patented and described in a printed publication;

(c) more than one year prior to the effective application date of the Kobayashi Patents--March 6, 1995--the alleged invention and each and every material and substantial part thereof were in public use or on sale or offered for sale in the United States, and was patented and described in a printed publication;

(d) the alleged invention described and claimed in the Kobayashi Patents does not constitute a patentable discovery or invention within the meaning of the patent statutes in view of the prior state of the art and was common knowledge on the part of those skilled in the art at and prior to the date of the alleged invention or discovery of the Kobayashi Patents;

(e) the differences between the subject matter sought to be patented in the Kobayashi Patents and the prior art are such that the subject matter as a whole of the Kobayashi Patents would have been obvious at the time the alleged invention of the patent was made to persons of ordinary skill in the art to which the subject matter pertains;

(f) the specification of the Kobayashi Patents is not in such full, clear, concise and exact terms as to enable a person skilled in the arts or sciences to which the subject matter pertains or with which it is most nearly connected to make and use the same, and does not set forth the best mode contemplated by the inventor of carrying out the alleged invention;

(g) the Kobayashi Patents fail to particularly point out and distinctly claim the improvement or combination alleged to constitute the invention or disclosure thereof; and

(h) Kobayashi or others acting in privity with it have misused the "Kobayashi Patents" by making infringement allegations against Carotek, knowing that the accused systems offered for sale

and sold by Carotek do not infringe a valid claim of the Kobayashi Patents, and knowing that the asserted claims of the Kobayashi Patents are not infringed by the accused systems offered for sale and sold by Carotek. In addition, Kobayashi has contacted numerous of Carotek's customers and has made false, injurious and libelous statements regarding this litigation, the legal status of the equipment purchased by Carotek's customers from Carotek, including, inter alia:

(i)     the implication that Kobayashi has acquired certain License Agreements defining certain rights by licensees to use the patented technology for a time period extending to as far back as December 8, 1998, even though Kobayashi did not acquire the right to financial recovery for any actions occurring before December 10, 2007, a fact not identified by Kobayashi;

(ii)    that Kobayashi "sued" Carotek without noting that it was Carotek that sued Kobayashi, not the other way around;

(iii)   that Carotek's customers are using "unlicensed Products";

(iv)    that use of such Products (as defined in those statements) exposes the customer to "potential liability";

(v)     that the customer may find itself in the "unfortunate position of ultimately being held legally and financially responsible for Patent Infringement";

(vi)    that all of certain categories of products purchased by the customer from Carotek since 1998 are potentially subject to infringement liability;

(vii)   by, implication, Kobayashi has the legal right to "disrupt the operations" at the customers' facilities;

(viii)  failed to inform the customers that by Kobayashi's own claim and admission, Carotek was a licensee under its patents from 1998 until late December, 2007; and

  (ix) failed to inform the customers that Carotek has asserted claims and defenses to Kobayashi's claims that, if proven, would deprive Kobayashi of any right to recover from Carotek itself.

  Each of the above-identified statements were made with actual malice and with the intention to convey to Carotek's customers the false impression that these Carotek customers are subject to patent infringement claims by Kobayashi, the false impression that Carotek has sold products to its customers without disclosing to them that a third party had valid infringement claims, and the false impression that the customers are obligated to comply with Kobayashi's demands for information or be subject to having their respective operations disrupted.

## CLAIM FOR AFFIRMATIVE MONETARY RELIEF

  30. Paragraphs 1-29 are incorporated by reference herein as though set forth in their entirety.

  31. The technology licensed under the Agreement was not covered by any claim or claims of any of the Kobayashi Patents covered under the Agreement. As a result, Carotek has made substantial payments under the Agreement for a license conferring no legal or monetary benefit to Carotek.

  32. Carotek is entitled to have and recover of Kobayashi amounts paid under the Agreement to the extent allowed by law.

## CLAIM FOR RELIEF-INTERFERENCE WITH PROSPECTIVE ADVANTAGE

33. Paragraphs 1-32 are incorporated by reference herein as though set forth in their entirety.

34. Upon information and belief, such false statements as those found in the letter have caused Carotek to suffer current and future economic damages in amounts to be hereafter proven.

35. Carotek is entitled to have and recover of Kobayashi amounts necessary to make Carotek whole in response to Kobayashi's tortious interference with its business activities and those of its customers.

## CLAIM FOR RELIEF-LIBEL AND DEFAMATION

36. Paragraphs 1-35 are incorporated by reference herein as though set forth in their entirety.

37. Defendant Kobayashi willfully made certain false, libelous and defamatory statements, as summarized in paragraph 29, above.

38. The false, libelous and defamatory statements were communicated to a third person.

39. Damages are presumed because the libelous and defamatory statements were written and communicated to a third party. Upon information and belief Kobayashi made the libelous statements with actual malice and for the purpose of injuring Carotek and its business.

40. Carotek is entitled to have and recover of Kobayashi amounts necessary to make Carotek whole in response to Kobayashi's libelous statements.

## CLAIM FOR RELIEF-UNFAIR TRADE PRACTICES

41.   Paragraphs 1-40 are incorporated by reference herein as though set forth in their entirety.

42.   North Carolina General Statute "75-1.1 Unfair methods of competition in or affecting commerce" governs the claims arising from the letter.

43.   Carotek is an entity organized in the state of North Carolina and has suffered economic harm caused by defendant Kobayashi's improper and illegal activities as set forth in this Amended Complaint.

44.   Upon information and belief, certain of the customers to whom Kobayashi has communicated false and libelous statements do substantial business within the state of North Carolina.

45.   Upon information and belief, Kobayashi is owned by Jim Dechman and John Fiore, who also have an interest in Monitoring Technology Corporation (MTC). MTC is a direct competitor of Carotek and regularly competes against Carotek for business.

46.   MTC formed Kobayashi for the purpose of unfairly competing with Carotek in trade or commerce, including trade or commence within North Carolina, and in furtherance of such purpose has engaged in at least the following unfair and deceptive acts and practices:

(a)   Kobayashi has contacted numerous of Carotek's customers and has made false, injurious and libelous statements regarding this litigation, the legal status of the equipment purchased by Carotek's customers from Carotek, including, inter alia:

(b)   that Kobayashi "sued" Carotek without noting that it was Carotek that sued Kobayashi, not the other way around;

11

(c) that Carotek's customers are using "unlicensed Products";

(d) that use of such Products (as defined in those statements) exposes the customer to "potential liability":

(e) that the customer may find itself in the "unfortunate position of ultimately being held legally and financially responsible for Patent Infringement";

(f) that all of certain categories of products purchased by the customer from Carotek since 1998 are potentially subject to infringement liability;

(g) by, implication, Kobayashi has the legal right to "disrupt the operations" at the customers' facilities;

(h) failed to inform the customers that by Kobayashi's own claim and admission, Carotek was a licensee under its patents from 1998 until late December, 2007; and

(i) failed to inform the customers that Carotek has asserted claims and defenses to Kobayashi's claims that, if proven, would deprive Kobayashi of any right to recover from Carotek itself.

Each of the above-identified statements were made with actual malice and with the intention to convey to Carotek's customers the false impression that these Carotek customers are subject to patent infringement claims by Kobayashi, the false impression that Carotek has sold products to its customers without disclosing to them that a third party had valid infringement claims, and the false impression that the customers are obligated to comply with Kobayashi's demands for information or be subject to having their respective operations disrupted.

47. Upon information and belief, at least one motivation for the formation of Kobayashi was for the purpose of obtaining competitive information by means of enforcement of

12

a license agreement acquired for that purpose by Kobayashi through intermediaries, and by means of litigation by which Kobayashi could gain access to competitive information with which to threaten Carotek's customers while insulating MTC and its owners from liability for its wrongful acts.

48. Kobayashi has followed through with its intentions by actually contacting numerous Carotek customers, as alleged above, and making false, libelous and malicious statements, also as set out above.

49. Carotek has suffered current and future economic damages in amounts to be hereafter proven.

50. Carotek is entitled to have and recover of Kobayashi amounts necessary to make Carotek whole in response to Kobayashi's unfair trade practices with its business activities and those of its customers.

### CLAIM FOR RELIEF-QUASI-ESTOPPEL

51. Paragraphs 1-50 are incorporated by reference herein as though set forth in their entirety.

52. MTC, the principal party responsible for the formation of defendant Kobayashi, was at all relevant times a licensee of Champion.

53. MTC sent a letter to Champion on April 25, 2000, informing Champion that MTC had taken the position that Champion's failure to require any royalty payments from a potential or actual licensee, Honeywell, "runs contrary to the spirit and letter of that Article (Most Favored Licensee clause)."

13

54.     MTC's position is consistent with Carotek's position in this litigation that Champion extended more favorable royalty terms to at least one other licensee, either expressly, by implication, by acquiescence and/or operation of law, and breached the Agreement by failing and refusing to advise Carotek of the extension of such more favorable royalty terms to Carotek and by failing and refusing to extend those more favorable terms to Carotek.

55.     Kobayashi, being the alleged assignor in interest of the Agreement, is estopped from asserting a position inconsistent with a previously taken position, particularly since Kobayashi is itself controlled by the same individuals that in 200 and now control MTC.

56.     Accordingly, Kobayashi is precluded from denying that Carotek is entitled to monetary relief for amounts in excess of $100,000, including interest at the legal rate, for royalty amounts overpaid as a result of breach of the most favored licensee clause of the Agreement when Kobayashi's assignors in interest took the same position.

## CLAIM FOR RELIEF- FRAUD

57.     Paragraphs 1-56 are incorporated by reference herein as though set forth in their entirety.

58.     The statements made by Kobayashi as set out above were undertaken by Kobayashi with malice, with knowledge of their falsity, with the intention that they be relied upon and believed true by the recipients, and for the purpose of damaging Carotek in its business.

59.     The actions set out above, and the false and libelous statements made by Kobayashi have caused Carotek to suffer current and future economic damages in amounts to be hereafter proven.

60. Carotek is entitled to have and recover of Kobayashi amounts necessary to make Carotek whole in response to Kobayashi's fraudulent activities.

## CLAIM FOR ATTORNEY'S FEES- BAD FAITH LITIGATION

61. Paragraphs 1-60 are incorporated by reference herein as though set forth in their entirety.

62. Kobayashi failed to undertake reasonable steps to determine if Carotek was infringing the Kobayashi patents before counterclaiming against Carotek for patent infringement, and before contacting numerous of its customers threatening them with possible patent infringement if they did not meet its demands contained in the letter.

63. Defendant Kobayashi acted and continues to act in bad faith by asserting patent infringement against Carotek without undertaking due diligence of whether Carotek infringed any claims of the Kobayashi Patents.

64. In the alternative, Defendant Kobayashi acted and continues to act in bad faith by asserting patent infringement when Kobayashi does not have legal standing to sue for any alleged patent infringement predating December 10, 2007 and Kobayashi is aware that Carotek was not marketing, selling, or producing technologies that may have been subject to the license agreement during the time period after December 10, 2007.

65. This Court may award attorney fees pursuant to 35 U.S.C. 285 in exceptional circumstances.

66. Carotek is entitled to have and recover of Kobayashi amounts necessary to make Carotek whole in response to Kobayashi's bad faith litigation and to deter similarly situated litigants from asserting similar claims in bad faith.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Carotek prays:

A. That this Court declare that Plaintiff Carotek has not breached the Agreement, and that the Agreement remains in full force and effect to Carotek's benefit;

B. That this Court declare that Plaintiff Carotek owes no royalties to Kobayashi under the Agreement;

C. That Kobayashi, its agents, servants, employees, and attorneys and all those in active concert or participation with it, be enjoined, pending trial, from instituting, prosecuting or threatening any action against Plaintiff in this court or elsewhere;

D. That Carotek have and recover from Kobayashi such royalty amounts as it may prove were wrongly paid under the Agreement;

E. That Defendant, its agents, servants, employees, attorneys and all those in active concert or participation with it be enjoined from alleging that Carotek has breached the Agreement, or is infringing any patent referenced in the Agreement;

F. That the Kobayashi Patents and all the asserted claims thereof be adjudicated and decreed to be invalid, unenforceable, and not infringed;

G.  That it be adjudged and decreed that Kobayashi and all persons acting on its behalf be adjudicated to have misused the Kobayashi Patents by accusing Carotek of infringement of claims known not to be infringed, and known to be invalid and unenforceable;

H.  That Kobayashi and all persons acting on its behalf be permanently enjoined and restrained from all further such acts of patent misuse;

I.  That Kobayashi and all persons acting on its behalf be permanently enjoined and restrained from charging, orally or in writing, that the Kobayashi Patents are infringed by Carotek, directly or indirectly;

J.  That this Court award Plaintiffs damages sufficient to make Plaintiff whole for interference with prospective advantage, libel, and unfair and deceptive trade practices;

K.  That this Court award Plaintiffs interest, costs, attorneys' fees, expenses and such further relief that this Court deems just and equitable; and

L.  That all issues so triable be tried by jury.

This the __23__ day of July , 2008.

                                                Respectfully submitted,

                                                */s/ Raymond R. Castello*
                                                Attorney for Plaintiff
                                                Carotek, Inc.


Raymond R. Castello (RC2106)
Citigroup Center – 52nd Floor
153 E. 53rd Street
New York, NY 10022-4611
Tel: 212-765-5070
Fax: 212-258-2291
Email: Castello@fr.com

Gregory A. Madera
225 Franklin Street
Boston, MA 02110-2804
Tel: 617-542-5070
Fax: 617-542-8906
Email: Madera@fr.com

**OF COUNSEL:**

W. Thad Adams, III, Esq.
(N.C. Bar Number 00,020)
**ADAMS EVANS P.A.**
201 South College Street
Suite 2350 Charlotte Plaza
Charlotte, NC  28244
Tel:  (704) 375-9249
Fax: (704) 375-0729
Email: wta@adamspat.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing **AMENDED DECLARATORY JUDGMENT COMPLAINT AND COMPLAINT FOR AFFIRMATIVE MONETARY RELIEF** was served on the Defendant by sending copies by E-Mail and Federal Express:

> Alexia Bourgerie
> Jeffrey Schwaber
> Stein, Sperling, Bennett, De Jong &
> Greenfeig, PC
> 25 West Middle Lane
> Rockville, MD 20850
> abourgerie@steinsperling.com
> jschwaber@steinsperling.com

On July 24, 2008.

_____